# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacobs Trading Company, LLC, a Delaware Limited Liability Company, and Irwin L. Jacobs,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>ESA Marketing, Inc., a Wisconsin Corporation,<br><br>and<br><br>Blaine Bundy, a Wisconsin resident<br><br>and<br><br>Lakeshirts, Inc., a Minnesota Corporation<br><br>　　　　　　Defendants. | Court File No. : _____<br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiffs Jacobs Trading Company, LLC ("JTC" or "Plaintiff") and Irwin L. Jacobs ("Jacobs" or "Plaintiff"), as and for their Complaint against Defendants ESA Marketing, Inc. ("ESA"), Blaine Bundy ("Bundy") and Lakeshirts, Inc. ("Lakeshirts"), state and allege as follows:

## PARTIES

1.　　JTC is a limited liability company organized and existing under the laws of the State of Delaware. Its sole member and owner is Liquidity Services, Inc., a Delaware corporation with its principal office located in Washington, D.C.

2. Jacobs is a businessman and long-time resident of Hennepin County, Minnesota. Jacobs has been married to Alexandra Jacobs for fifty-two years. Jacobs is the agent for Alexandra Jacobs with respect to the claims asserted herein.

3. Upon information and belief, Defendant ESA is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located in Eau Claire, Wisconsin.

4. Upon information and belief, Bundy is a citizen of Wisconsin who resides in Eau Claire, Wisconsin.

5. Defendant Lakeshirts is a corporation organized and existing under the laws of the State of Minnesota; with its principal place of business located in Detroit Lakes, Minnesota.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of interests on costs, and complete diversity of citizenship exists between Plaintiffs and Defendants Bundy and ESA. This Court also has jurisdiction under 28 U.S.C. § 1331, in that certain claims arise under the laws of the United States, and under 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper in this District under 28 U.S.C. § 1391(a)(1) and (2) and (b)(2) because several parties are located and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

8. JTC is a company that has long been involved in the purchase and sale of close-out and returned merchandise, including clothing and other consumer goods.

9. Jacobs has been involved in several business enterprises during the course of his career. One of those lines of business has been the purchase and sale of consumer goods, including clothing, often in large quantities.

10. Beginning in May 2013, JTC and Jacobs began transacting business with Bundy, ESA and other Bundy-owned businesses. During the next several months, ESA and Bundy accumulated large payables to Plaintiffs as a result of those transactions.

11. In connection with those transactions, Bundy, on behalf of himself and ESA, frequently traveled to and otherwise communicated with Jacobs, JTC and their staffs in Hopkins, Minnesota.

12. On July 23, August 23, and October 10, 2013, JTC sold and delivered to Bundy, doing business as "Red Rock Clothing" and "Cherry Pickers," eight (8) shipments of clothing for the aggregate purchase price of $201,820.54. The shipments were separately invoiced to Bundy/Red Rock Clothing.

13. On September 10 and October 31, 2013, respectively, Bundy made $2,716.22 and $6,500 payments on said invoices. After application of interest and late charges, there remains due and owing the sum of $211,438.94. Interest and late charges continue to accrue.

14. On August 16, 2013, ESA and Bundy, respectively, entered into a promissory note and personal guarantee, in the principal amount of $89,000, made payable to Alexandra Jacobs at the Hopkins offices. A copy of said note and guarantee are attached hereto and incorporated herein as Exhibit A.

15. On August 23, 2013, ESA and Bundy, respectively, entered into a promissory note and personal guarantee, in the principal amount of $89,000, made payable to Alexandra

3

Jacobs at the Hopkins offices. A copy of said note and guarantee are attached hereto and incorporated herein as Exhibit B.

16. Said notes each provide for the payment of origination fees, interest, late charges, reasonable costs of collection, including attorney's fees, all in accordance with their terms.

17. ESA and Bundy made two payments on said notes, the first on September 17, 2013 in the amount of $9,500, and the second in the amount of $6,525.33 on October 10, 2013, both of which were applied to interest and fees.

## COUNT I.
## ACCOUNT STATED/BREACH OF CONTRACT–UNPAID INVOICES

18. Plaintiffs reallege and incorporate by reference paragraphs 1 through 17 above as if fully set forth herein.

19. Bundy accepted eight (8) shipments of clothing from JTC and the invoices therefor in the aggregate amount of $201,820.54, without reservation or objection.

20. Bundy is currently liable to JTC on an account stated in the aggregate amount of $211,438.94 which continues to accrue interest and late charges. Alternatively, Bundy is liable to JTC for breach of contract for failure to pay for the goods as agreed.

## COUNT II.
## BREACH OF CONTRACT–PROMISORRY NOTES

21. Plaintiffs reallege and incorporate by reference paragraphs 1 through 20 above as if fully set forth herein.

22. ESA and Bundy have defaulted and remain in default of their obligations under said notes. Despite their repeated promises to arrange to pay all sums due in full, ESA and Bundy have failed to perform.

23. There is presently due and owing from ESA and Bundy the sum of $293,133.17, consisting of the principal amount of the notes, the origination fees, accrued interest, and late charges. Additional interest and late charges continue to accrue daily.

## COUNT III.
## **VIOLATION OF ANTITRUST LAW**

24. Jacobs realleges and incorporated by reference paragraphs 1 through 23 above as if fully set forth herein.

25. On October 13, 2013, Bundy contracted with Jacobs to deliver at least ten truckloads of t-shirts and sweatshirts to Jacobs at prices that would enable Jacobs to resell that merchandise at higher prices, and thereby retire and satisfy the ESA and Bundy debts.

26. Lakeshirts, Inc. was the manufacturer of the t-shirts and sweatshirts involved in the transaction between Bundy and Jacobs. Lakeshirts had sold that merchandise to Bundy, doing business as "Red Rock Clothing."

27. On October 30, 2013, Bundy informed Jacobs that Lakeshirts' Chief Financial Officer, Michael Hutchinson, had informed Bundy that Lakeshirts would not ship the shirts for delivery to Jacobs because Bundy had resold them to Jacobs at prices that were too cheap. Bundy told Jacobs that he had to agree with Lakeshirts' position.

28. Numerous e-mails, text and other communications took place between and among Jacobs, Bundy and Hutchinson over the next several days, during which Hutchinson admitted to Jacobs that Lakeshirts and Bundy had such a communications regarding pricing and non-delivery.

29. After contracting with Bundy on October 13, 2013, Jacobs resold the t-shirts and sweatshirts to another purchaser, and accordingly is unable to make delivery on that contract as a

direct result of the Bundy-Lakeshirts agreement not to deliver the merchandise to Jacobs because the purchase price was too low.

30. The communications between Bundy and Lakeshirts that resulted in the failure and refusal to deliver the agreed shipments of merchandise to Jacobs constitute an illegal contract or conspiracy in restraint of trade in violation of 15 U.S.C. § 1. It constitutes resale price fixing and a refusal to deal with another person on the basis of an agreement through fixed prices.

31. As a direct and proximate result of Defendants' illegal conduct, Jacobs has been damaged in an amount that greatly exceeds the sum of $50,000, which must be trebled pursuant to law. In addition, Jacobs is entitled to reasonable attorney's fees and litigation expenses.

## IV.

## TORTIOUS INTERFERENCE WITH CONTRACT

32. Jacobs realleges and incorporated by reference paragraphs 1 through 31 above as if fully set forth herein.

33. This claim is governed by principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

34. Jacobs and Bundy contracted for the delivery of at least ten truckloads of t-shirts and sweatshirts at specified prices, to be delivered during the month of October 2013.

35. By requiring and agreeing with Bundy not to deliver the agreed shipments of merchandise to Jacobs, Lakeshirts knowingly and intentionally interfered with the Bundy-Jacobs contract without justification, thereby causing substantial damage to Jacobs, who in turn had contracted with another purchaser to buy all of the shipments of merchandise.

6

36. As a direct and proximate result of the tortious interference with contract by Lakeshirts, Jacobs has been damaged in a reasonable amount greatly in excess of $50,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jacobs Trading Company, LLC and Irwin L. Jacobs pray judgment against Defendants, and each of them, as follows:

A. Against Blaine Bundy in favor of Jacobs Trading Company, LLC in the amount of $211,438.94, plus accrued interest and other appropriate charges;

B. Against ESA Marketing, Inc. and Blaine Bundy, jointly severally, in favor of Irwin L. Jacobs in the amount of $275,103.50, together with additional interest and other appropriate charges;

C. Against Blaine Bundy and Lakeshirts, Inc., jointly and severally, in favor of Irwin L. Jacobs for reasonable damages directly caused by their price fixing agreement and conspiracy, trebled according to law;

D. Against Lakeshirts, Inc. in favor of Irwin L. Jacobs for reasonable damages directly caused by Lakeshirts, Inc.'s tortious interference with contract;

E. Against all Defendants, jointly and severally, in favor of Irwin L. Jacobs for his reasonable attorney's fees and litigation expenses; and

F. Against all Defendants, jointly and severally, in favor of Jacobs Trading Company, LLC and Irwin L. Jacobs for their costs and disbursements, along with such other and further relief as the Court determines is just, proper, and equitable.

Dated: November 7, 2013

Respectfully submitted,

MASLON EDELMAN BORMAN & BRAND, LLP

_____
Geoffrey P. Jarpe (#49761)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all claims as to which the right to which a jury trial exists, and respectfully requests an advisory jury on all other claims.

_____
Geoffrey P. Jarpe

8