UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacobs Trading Company, LLC, a Delaware Limited Liability Company, and Irwin L. Jacobs, <br><br>　　　　　　Plaintiffs,<br>v.<br><br>ESA Marketing, Inc., a Wisconsin Corporation,<br><br>and<br><br>Blaine Bundy, a Wisconsin resident<br><br>and<br><br>Lakeshirts, Inc., a Minnesota Corporation<br><br>　　　　　　Defendants. | Court File No.: 13-CV-03060-RHK-TNL<br><br><br><br><br><br>**JOINT RULE 26(F) REPORT** |

Pursuant to the Notice of an Order for Pretrial Scheduling Conference dated December 23, 2013 (Doc. 24), Plaintiffs and Defendant Lakeshirts, Inc., through their undersigned attorneys, submit this written report pursuant to Fed. R. Civ. P. 26(f).

I.　**DATE AND PLACE OF THE MEETING; IDENTIFICATION OF THE PARTIES AND THEIR ATTORNEYS; AGENDA OF MATTERS FOR PRETRIAL CONFERENCE**

　　A.　**The date and place at which the meeting was held:**

　　　　January 15, 2014, at the offices of Eastlund Solstad Cade Hutchinson & Ysebaert Ltd, 4200 County Rd 42 West, Savage, Minnesota.

　　B.　**Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting:**

Plaintiffs Jacobs Trading Company, LLC and Irwin L. Jacobs:

Jacobs Trading Company, LLC, 8096 Excelsior Blvd., Hopkins, Minnesota 55343. Buyer and seller of merchandise of all kinds.

Irwin L. Jacobs, 8096 Excelsior Blvd., Hopkins, Minnesota 55343. Mr. Jacobs is engaged in numerous business pursuits, including the purchase and sale of merchandise.

Both Plaintiffs are represented by Geoffrey P. Jarpe (#49761), Maslon Edelman Borman & Brand, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402, Phone: (612) 672-8200, E-mail: Geoffrey.jarpe@maslon.com.

Defendant Lakeshirts, Inc.:

Lakeshirts, Inc., is a Minnesota corporation, with offices at: 750 Randolph Road, Detroit Lakes, Minnesota 56501.

Lakeshirts is engaged in screen printing, embroidering, and dying garments which it sells primarily at wholesale to re-sellers.

Lakeshirts, Inc. is represented by Thomas F. Hutchinson (#48549), Eastlund, Solstad, Cade, Hutchinson & Ysebaert, Ltd., 4200 County Road 42 West, Savage, Minnesota 55378, Phone: (952) 894-6400, E-mail: thutchinson@eschylaw.com.

C. **Name of any insurance carriers that may be liable for the defense or payment of any damage waived:**

Not applicable.

D. **Agenda of matters to be discussed at the Pretrial Conference:**

Pretrial schedule and settlement.

II.  **DESCRIPTION OF THE CASE**

    A.  **Concise statement of jurisdictional basis of the case, giving statutory citation and a brief narrative description:**

        Jurisdictional basis:  diversity of citizenship between Plaintiffs and Defendants ESA Marketing, Inc. and Blaine Bundy, citizens of different states (28 U.S.C. § 1332); federal question with respect to Irwin L. Jacobs and Lakeshirts, Inc. (28 U.S.C. § 1331); and supplemental jurisdiction (28 U.S.C. § 1367).

    B.  **In diversity cases in which a limited liability corporation or partnership entity is a named party, the concise statement shall contain a brief description of the availability of diversity jurisdiction, including a list of all members and the citizenship of each member including a list of all members and the citizenship of each member of the limited liability corporation or a list of all partners and the citizenship of all partners of the partnership entity, consistent with the Federal Rules of Civil Procedure and the Local Rules:**

        Plaintiff Jacobs Trading Company is a limited liability company under Delaware law, and its sole member and owner is Liquidity Services, Inc., a Delaware corporation with its principal office located in Washington, D.C.

    C.  **A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses:**

    Plaintiffs:

    Mr. Jacobs, an agent and attorney-in-fact/power of attorney for his wife, Alexandra Jacobs, loaned ESA Marketing money pursuant to two promissory notes (Complaint Exs. A & B). All amounts due under said notes were unconditionally guaranteed by the owner and President of ESA Marketing, Defendant Blaine Bundy. Those parties are in default and Plaintiffs are moving for entry of judgment against them.

    On July 23rd and August 23rd, 2013, Plaintiff Jacobs Trading sold several lots of apparel to Defendant Bundy d/b/a "Cherry Pickers" and "Red Rock Clothing," who has failed to pay for the goods. Jacobs Trading has sued on an account stated and Bundy is in default. Jacobs Trading is moving for entry of judgment against Bundy.

When Defendants ESA and Bundy failed to pay all sums due on the notes, they proposed to Jacobs that they would sell him several truckloads of t-shirts and sweatshirts at favorable prices, so that he could resell that merchandise and use the profits to satisfy their obligations. Jacobs agreed, and made arrangements to resell the goods. However, an owner and chief financial officer of Defendant Lakeshirts, Inc., the supplier of the merchandise, stopped delivery of the truckloads, taking the position that ESA and Bundy sold the goods to Jacobs too cheaply. Accordingly, Jacobs has sued Lakeshirts for resale price fixing and tortious interference with contract.

Defendants Lakeshirts, Inc.:

Lakeshirts is a total stranger to the business relationship between Plaintiffs and Defendants ESA Marketing and Bundy (collectively the "Bundy Defendants"). Lakeshirts never directed the Bundy Defendants to sell goods or to not sell goods to the Plaintiffs. Lakeshirts did not tell the Bundy Defendants to not ship goods to the Plaintiffs. This is so, even though Lakeshirts believes some of the goods in the Bundy Defendants' warehouse are very likely discontinued blank inventory and decorated miscellaneous inventory of tee-shirts and sweatshirts that the Bundy Defendants purchased from Lakeshirts and for which Lakeshirts has not been paid. At no time since the commencement of the events described in the Complaint did Lakeshirts contract to sell any goods to the Bundy Defendants for the purpose of fulfilling orders allegedly placed by the Plaintiffs with the Bundy Defendants. At no time did Lakeshirts receive the return of any goods from the Bundy Defendants since the date of the events described in the complaint up to the date hereof. Lakeshirts finds the allegation of "price fixing" made by Plaintiffs against it to be specious and offensive.

D. **A summary itemization of the dollar amount of each element of the alleged damages:**

1. Jacobs Trading claims $192,604.32 on an account stated for goods sold and delivered, plus interest and late charges.

2. Irwin Jacobs claims $183,764.84 in principal, plus interest, late charges, and costs, with respect to the notes in default.

3. The precise amount due on the failure to deliver the truckloads of t-shirts and sweatshirts is presently unknown since it depends on the

volume of goods, but is believed to approximate the amounts due from ESA and Bundy. This amount is subject to trebling pursuant to law.

### III. PLEADINGS

A. **A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposed to amend its pleadings:**

The Complaint and all responsive pleadings have been filed, and whether the Complaint needs to be amended depends on whether judgment is granted against ESA and Bundy on their default and, if so, whether collection efforts on said judgments are to any extent successful.

B. **The date by which all motions that seek to amend the pleadings or add parties will be filed:**

May 30, 2014.

C. **Whether a jury trial is available under the law, and whether a jury trial has been timely demanded:**

A jury trial is available and has been timely demanded

### IV. DISCOVERY PLAN

A. **The date by which the initial Rule 26(a)(1) disclosure of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed):**

February 14, 2014.

B. **Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced:**

Yes.

C. **Whether discovery should be conducted in phases, or limited to or focused upon, particular issues:**

Discovery should not be conducted in phases.

D. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B):

Plaintiffs: June 1, 2014      Defendants: August 1, 2014

E. The number of interrogatories, document requests and request for admissions each party shall be permitted to serve:

25 of each.

F. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take:

Six for each party.

G. The number of expert depositions each party shall be permitted to take:

Two for each party.

H. A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate:

March 7, 2014.

## V. CLOSE OF DISCOVERY AND NON-DISPOSITIVE MOTIONS

A. The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served:

October 17, 2014.

## VI. DISPOSTIIVE MOTIONS AND TRIAL

A. The date by which all dispositive motions shall be served, filed and heard:

December 19, 2014.

B. The date by which the case shall be ready for trial:

January 2, 2015.

D. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B):

Plaintiffs: June 1, 2014     Defendants: August 1, 2014

E. The number of interrogatories, document requests and request for admissions each party shall be permitted to serve:

25 of each.

F. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take:

Six for each party.

G. The number of expert depositions each party shall be permitted to take:

Two for each party.

H. A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate:

March 7, 2014.

## V. CLOSE OF DISCOVERY AND NON-DISPOSITIVE MOTIONS

A. The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served:

October 17, 2014.

## VI. DISPOSTIIVE MOTIONS AND TRIAL

A. The date by which all dispositive motions shall be served, filed and heard:

December 19, 2014.

B. The date by which the case shall be ready for trial:

January 2, 2015.

C. **The number of expert witnesses each party expects to call at trial:**

Two for each party.

D. **Estimated trial time (including jury selection and instructions, if applicable):**

4-5 days.

Dated January 22, 2014                MASLON EDELMAN BORMAN & BRAND, LLP

_____
Geoffrey P. Jarpe (#49761)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: (612) 672-8200

ATTORNEYS FOR PLAINTIFFS

Dated: January 21, 2014		**EASTLUND, SOSLTAD, CADE, HUTHCINSON & YSEBAERT, LTD**

/s/ Thomas F. Hutchinson
Thomas F. Hutchinson
4200 County Rd 42 West
Savage, Minnesota 55378-4048
Phone: (952) 894-6421
E-mail: thutchinson@eschylaw.com

ATTORNEYS FOR DEFENDANT LAKESHIRTS, INC.