# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| JACOBS TRADING COMPANY, LLC<br>A DELAWARE LIMITED LIABILITY COMPANY,<br>AND<br>IRWIN L. JACOBS,<br><br>          PLAINTIFFS,<br><br>V.<br><br>ESA MARKETING, INC.,<br>A WISCONSIN CORPORATION,<br>BLAINE BUNDY,<br>A WISCONSIN RESIDENT, AND<br>LAKESHIRTS, INC.,<br>A MINNESOTA CORPORATION,<br><br>          DEFENDANTS. | CIVIL NO. 13-CV-3060 (RHK/TNL)<br><br>**PRETRIAL<br>SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

<u>Pleadings and Disclosures</u>

2/15/14    All pre-discovery disclosures required by Rule 26(a) (1), including production of documents, shall be completed on or before this date.

5/1/14     All motions which seek to amend the pleadings to add claims or to add parties must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed amended pleading.

7/1/14     Any motions seeking leave to amend for punitive damages must be served and filed on or before this date.

1

Discovery and Non-Dispositive Motions

      Disclosure of the identity of no more than two expert witnesses per party/side under Rule 26(a) (2) (A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be served on the following dates:

      8/1/14        By plaintiff
      9/1/14        By defendant
      9/15/14     Rebuttal by plaintiff and defendant

11/1/14     All fact discovery of any kind shall be commenced in time to be completed by this date.

11/1/14     All expert discovery of any kind, including expert depositions, shall be commenced in time to be completed by this date.

11/1/14     All non-dispositive non-expert related motions, and

11/1/14     All non-dispositive expert related motions, and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order) including those which relate to discovery and any request for extension of this Pretrial scheduling Order, shall be SERVED AND FILED by this date.[1]  Prior to scheduling any non-dispositive motion and following the conference required by Fed. R. Civ. P. 37(a) (1) and L.R. 37.1, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge.[2]  To the extent that any non-dispositive motion is to be filed, such motion shall be scheduled for hearing by calling the chambers of Magistrate Judge Tony N. Leung at 651-848-1870.  A Reply Memorandum not exceeding 1750 words

---

[1]     In the event the Court is unable to schedule the hearing before this date because of conflicts in its own schedule, the moving party's motion papers (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order) must be served and filed 14 days before this date, the responding party's response must be served and filed 7 days before this date, and the moving party's reply served an filed no later than 12:00 noon two business days before this date.

[2]     At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal basis via a telephone conference.  However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (e.g. the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed).If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact Magistrate Judge Leung's Chambers, 651-848-1870, to schedule the conference.  The parties must submit short letters, with or without a limited number of documents attached, prior to the conference to set forth their respective positions.  The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference.  Depending on the nature of the dispute, the Court may or may not issue a written order.  If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

        (including footnotes) may be filed and delivered to opposing counsel and the chambers of this Court no later than 12:00 noon two business days preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words.  All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1, and 37.1 as modified as follows:  When a submission is filed on ECF, two paper hard copies, three-hole punched, of the entire submission shall be mailed or delivered to the undersigned in an envelope addressed to Magistrate Judge Leung's Chambers contemporaneously with the submission being posted on ECF.  In addition, with respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and the Court contemporaneously with the documents being posted on ECF.

<u>Settlement Conference, Dispositive Motions and Trial</u>

        A settlement conference shall take place at 9:30 a.m. in the chambers of the undersigned.  A settlement conference order will be issued to the parties at a later date.

2/1/15      All dispositive motions[3] (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), shall be SERVED, FILED AND HEARD on or before this date.  Notwithstanding the provisions of Local Rules 7.1(c)-(d), the following procedures shall apply to the dispositive motion practice in this case[4]:

        1.    The moving party shall first contact Courtroom Deputy Kathy Thobe at 651-848-1166 to secure a hearing date <u>at least 42 days</u> in the future.  Once the moving party has secured a hearing date, it shall promptly file a Notice of Hearing on Motion informing all parties of the nature of the motion and the date, time and location of the hearing;

        2.    The moving party shall serve and file the following documents <u>at least 42 days</u> before the scheduled hearing; (a) motion; (b) memorandum of law; and (c) affidavits and exhibits;

---

[3]    The following are deemed dispositive motions under this order:  motions for preliminary or permanent injunctive relief; motions to dismiss, for judgment on the pleadings or for summary judgment; motions to certify a class action; motions to exclude expert testimony under <u>Daubert v. Merrill Dow Pharmaceuticals, Inc</u>., 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702; motions to remand or transfer; and motions to compel arbitration.  Absent permission from the Court, a party moving for a temporary restraining order must file and serve its motions papers, in addition to the Summons and Complaint, on the proposed-enjoined party before the Court will entertain the motion.  A motion for a temporary restraining order is not subject to the 42-day rule set forth below; rather, the courtroom deputy will advise the parties of the hearing date and briefing schedule.  All motions for injunctive relief and motions to exclude expert testimony will be handled without live witness testimony absent advance permission from the Court.

[4]    Parties need <u>not</u> submit proposed orders with Motions.

      3.      The responding party shall serve and file the following documents <u>at least 21 days</u> before the hearing:  (a) memorandum of law; and (b) affidavits and exhibits;

      4.      The moving party may serve and file a reply memorandum of law <u>at least 14 days</u> before the hearing.  A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response;

      5.      If the Court *sua sponte* cancels the hearing or continues the hearing date, all subsequently filed motion papers must be served as if the original hearing date were still in effect, unless otherwise directed by the Court; and

      6.      Parties need not meet and confer, as required under Local Rule 7.1(a), in advance of filing a dispositive motion, although they are encouraged to do so to attempt to narrow the issues presented to the Court.

All other provisions in Local Rule 7.1 are unaffected by this Order and remain applicable, including the word limitations in Rule 7.1(f).

When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Calendar Clerk Kathy Thobe contemporaneously with the documents being posted on ECF.

| | |
|---|---|
| 5/1/15 | This case shall be ready for trial as of this date.  The parties estimate that trial of this Jury matter will take 4 days. |

<u>Status Letters and Early Settlement Conference</u>

| | |
|---|---|
| 4/2/14<br>11/5/14 | Counsel for each party shall submit two CONFIDENTIAL letters to the Court, on or shortly before these dates, setting forth with reasonable specificity the status of the case; the relative strengths and weaknesses of each party's position; an update of efforts toward settlement; and a litigation budget. Each letter shall not exceed three pages. On or shortly before the date each such letter is due, counsel for the parties shall meet and confer to discuss the status of the case and discuss settlement. |
| 5/5/14 | The parties agree that an early settlement conference is appropriate in this case at this time.  The parties shall appear for an early settlement conference with the Court on this date. |

General

>No more than six depositions shall be taken per party.

>No more than 30 interrogatories (including all subparts) shall be served by one party on another party.

>No more than 30 document requests shall be served by one party on another party.

>No more than 30 requests for admission shall be served by one party on another party.

Protective Order and Electronic Discovery

>The parties intend to enter into a protective order. In the interim, any documents which any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party shall designate the documents under the protective order.

>The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.

>The parties shall preserve all electronic documents that bear on any claims, defenses or the subject matter of this lawsuit. On or before March 7, 2014, the parties shall jointly CM/ECF file a proposed stipulated protective order for the Court's review.

Prior Orders and Remedies

>All prior consistent orders remain in full force and effect.

>Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

6

**IT IS SO ORDERED.**

Dated: February 5, 2014               s/Tony N. Leung
                                      Magistrate Judge Tony N. Leung
                                      United States District Court

                                      *Jacobs Trading Company, LLC et al. v. ESA*
                                      *Marketing, Inc. et al.*
                                      *13-cv-3060 RHK/TNL*